UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELA B., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:21-cv-02801-SEB-TAB |
| | ) |
| KILOLO KIJAKAZI Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S REQUEST FOR REMAND**

**I.    Introduction**

Plaintiff appeals the Social Security Administration's denial of her application for disability insurance benefits.  Plaintiff takes issue with several aspects of the Administrative Law Judge's decision, including that the ALJ provided erroneous reasoning in his discussion of Plaintiff's subjective symptoms under SSR 16-3p, and that the ALJ failed to accommodate Plaintiff's daily headaches or to acknowledge her persistent daytime sleepiness.  [Filing No. 10, at ECF p. 4.]  A review of the record demonstrates that the ALJ thoroughly discussed Plaintiff's subjective statements and found—under the totality of the evidence presented—that Plaintiff was capable of working.  Additionally, the ALJ's decision reflects proper analysis and consideration of each of Plaintiff's limitations.  Accordingly, Plaintiff's request for remand [Filing No. 10] should be denied.

**II.     Background**

On April 9, 2019, Plaintiff filed an application for supplemental security income, alleging disability beginning on November 15, 2018. [Filing No. 10.] The SSA denied Plaintiff's claims initially and upon reconsideration. [Filing No. 10.] Following a hearing, the ALJ determined that Plaintiff was not disabled. [Filing No. 10.]

The ALJ followed the SSA's five-step sequential process to determine if Plaintiff was disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 9, 2019, the application date. [Filing No. 7-2, at ECF p. 18.] At step two, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine; degenerative disc disease of the cervical spine; osteoarthritis of the knees; asthma; obesity; pseudo tumor cerebri (syncopal spells); headaches; mild papilledema; eyes with episodic right eye pain/pressure; generalized anxiety disorder (GAD); major depressive disorder; obstructive sleep apnea (OSA); and non-insulin diabetes mellitus. [Filing No. 7-2, at ECF p. 18.]

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medical equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [Filing No. 7-2, at ECF p. 19.] Before reaching step four, the ALJ determined Plaintiff's residual functional capacity, or her remaining ability to work despite her limitations. The ALJ concluded that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. 416.967(a), but with the following limitations:

> [R]equires an entry level job involving simple routine tasks that can be learned on the job within 30 days or less that is non-fast-rate production, defined as involving no conveyor belt or assembly line work and no hourly quotas; in a "low stress" environment defined as one having only occasional changes in the work setting; can lift and/or carry 5 pounds frequently, and 10 pounds occasionally (from very little up to 1/3 an 8-hour workday); can stand and/or walk (with normal breaks) for two hours in an eight-hour workday, but can do so for only 15 minutes at one

2

> time before needing to sit for 2 minutes before resuming standing and/or walking while remaining on task; can sit (with normal breaks) for six hours in an eight-hour workday, but can do so for only 15 minutes at one time before needing to stand and/or walk for 2 minutes before resuming sitting while remaining on task; can perform pushing and pulling motions with the upper and lower extremities within the aforementioned weight restrictions for two-thirds of an 8-hour workday; can perform activities requiring bilateral manual dexterity for both gross and fine manipulation with handling and reaching for two-thirds of an 8-hour workday; needs to avoid hazards such as moving machinery and unprotected heights, but does not need to avoid hazards typically found in the workplace such as boxes on the floor or ajar doors; no commercial driving; no more than occasional exposure to very loud noises (SCO Code 5 level noise that is on par with a jack hammer or rock concert); job responsibilities do not include the use of hand-held vibrating or power tools; needs to be restricted to a work environment with good ventilation that allows the claimant to avoid frequent concentrated exposure to extreme heat, extreme cold, and high humidity; needs to be restricted to a "relatively clean" work environment that allows the claimant to avoid frequent concentrated exposure to strong pulmonary irritants such as fumes, dust gases, and smoke; can perform occasionally: climbing stairs with handrails, balancing, stopping, crouching, kneeling, and crawling, but she needs to avoid climbing ladders, scaffolds, and ropes.

[Filing No. 7-2, at ECF p. 21.] At step four, the ALJ concluded that Plaintiff could not perform any past relevant work. [Filing No. 7-2, at ECF p. 26.] The ALJ noted that on the date she filed her application, Plaintiff was 46 years old, with at least a high school education. [Filing No. 7-2, at ECF p. 26.] Finally, at step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ concluded that there were a significant number of jobs existing in the national economy that Plaintiff could perform, including nut sorter, final assembler, and trimmer. [Filing No. 7-2, at ECF p. 26.] Accordingly, the ALJ concluded that Plaintiff was not disabled. [Filing No. 7-2, at ECF p. 26.]

**III.     Discussion**

Plaintiff takes issue with several aspects of the ALJ's decision, arguing that the ALJ provided erroneous reasoning in his discussion of Plaintiff's subjective symptoms under SSR 16-3p, and failed to accommodate Plaintiff's daily headaches or acknowledge her persistent daytime sleepiness. [Filing No. 10, at ECF p. 4.] The Court reviews the ALJ's decision to determine whether the ALJ's factual findings are supported by substantial evidence. *See, e.g., Biestek v. Berryhill*, 139 S.Ct. 1148, 1153 (2019) ("On judicial review, an ALJ's factual findings shall be conclusive if supported by substantial evidence." (Internal quotation marks omitted)). In addition, the Court reviews the ALJ's decision "to determine whether [the ALJ's decision] reflects an adequate logical bridge from the evidence to the conclusions." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021). In doing so, "[t]he court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (internal citations, quotation marks, and brackets omitted).

    **A.     Subjective Symptoms Assessment**

Plaintiff first argues that the ALJ provided erroneous reasoning in his discussion of Plaintiff's subjective symptoms under SSR 16-3p. In evaluating the RFC, an ALJ considers the plaintiff's symptoms using a two-step process. 20 C.F.R. § 416.929(a), (c). The ALJ first examines whether an individual's medically determinable impairments "could reasonably be expected to produce" their symptoms. 20 C.F.R. § 416.929(b). Next, the ALJ evaluates "the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities." SSR 16-3P, 2017 WL 5180304, at *3. The ALJ assesses whether the plaintiff's "symptoms can be reasonably accepted as consistent

with the objective medical evidence and other evidence." 20 C.F.R. § 416.929(a). Other evidence includes the plaintiff's treatment plan, the effectiveness of treatment, their "daily activities," the "location, duration, frequency, and intensity" of pain or other symptoms, and other factors. 20 C.F.R. § 416.929(c)(3)(i)-(vii). If the plaintiff's statements are "inconsistent with the objective medical evidence and the other evidence," the ALJ will find "that the individual's symptoms are less likely to reduce his or her capacities to perform work-related activities." SSR 16-3P, 2017 WL 5180304, at *8. These determinations are afforded significant deference and are only overturned if "patently wrong." *Curvin v. Colvin*, 778 F.3d 645, 651 (7th Cir. 2015).

Plaintiff argues that the ALJ inappropriately rejected her subjective complaints based solely on her daily activities. [Filing No. 10, at ECF p. 20-22.] However, despite her arguments, the ALJ was required to consider Plaintiff's daily activities when assessing the consistency of her complaints. *See* 20 C.F.R. § 416.929(c)(3)(i); *Linda P. v. Saul*, No. 1:20-CV-00514-TWP-MPB, 2021 WL 2333857, at *7 (S.D. Ind. June 7, 2021) ("[A]n ALJ is not only permitted but instructed to consider daily activities.") Additionally, the ALJ explicitly considered Plaintiff's statements qualifying her ability to complete daily tasks. For example, the ALJ considered Plaintiff's reports that she had a limited ability to complete household tasks and took breaks when doing so, and that she relied on her daughter to complete most household chores. [Filing No. 7-2, at ECF p. 22-33.] Finally, Plaintiff's daily activities represented only one factor in the ALJ's subjective complaint analysis. [Filing No. 7-2, at ECF p. 22-25.] For instance, the ALJ emphasized that Plaintiff's complaints seemed inconsistent with her largely normal clinical examination findings and improvement with treatment. [Filing No. 7-2, at ECF p. 23-25.] The

5

ALJ's in-depth discussion of Plaintiff's largely normal clinical evaluations demonstrates that the decision was not solely based on her daily activities.

Plaintiff also states that the ALJ inappropriately relied on a lack of aggressive treatment and general response to care when assessing her subjective symptoms. [Filing No. 10, at ECF p. 22-23.] However, the ALJ was also required to consider Plaintiff's treatment history and response to care. *See* [Filing No. 7-2, at ECF p. 23.]; 20 C.F.R. § 416.929(c)(3)(iv)-(v). The ALJ appropriately discounted Plaintiff's subjective statements because Plaintiff did not require "aggressive" treatment, like surgery or emergency care. *See* [Filing No. 10, at ECF p. 22-23]; *Connour v. Barnhart*, 42 F. App'x 823, 830 (7th Cir. 2002) (upholding ALJ's finding that treatment history did not support claimant's subjective complaints as claimant "had never sought emergency room treatment," he "had never been hospitalized for his back condition," and "never had surgery recommended by a physician."); *Angela S. v. Kijakazi*, No. 19 C 1199, 2021 WL 4635785, at *7 (N.D. Ill. Oct. 7, 2021) ("The ALJ, however, properly considered Plaintiff's treatment history, including not only the lack of hospitalizations or emergency-room treatment."). The ALJ's considerations regarding treatment and response to care were in accordance with the evidence and the law.

Finally, Plaintiff briefly contends that the ALJ failed to consider circumstantial or highly pertinent evidence in evaluating her subjective complaints. [Filing No. 10, at ECF p. 24-25.] However, other than listing several qualifying statements regarding her ability to complete daily tasks, Plaintiff points to no additional evidence in support of her subjective complaints. *See* [Filing No. 10, at ECF p. 20-26.] Without pointing to additional evidence, Plaintiff cannot demonstrate that the ALJ failed to consider circumstantial or highly pertinent evidence in evaluating her subjective complaints. Additionally, it is established that "subjective complaints

6

alone are not sufficient to carry a disability claim." *Mathes v. Astrue*, No. 1:07-CV-1004-LJM-TAB, 2008 WL 2184894, at *6 (S.D. Ind. May 21, 2008) (citing 20 C.F.R. § 404.1529(a)).

Taken as a whole, the ALJ provided substantial support for his subjective symptom analysis, and remand is not warranted.

    **B.**    **Plaintiff's RFC**

Plaintiff next argues that the ALJ failed to accommodate her daily headaches or acknowledge her persistent daytime sleepiness within the RFC. [Filing No. 10, at ECF p. 26.] The RFC finding is the most an individual can do despite her limitations. 20 C.F.R. § 416.945(a)(1); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *2 (S.S.A. July 2, 1996). The ALJ is responsible for determining the RFC, considering all relevant medical and other evidence in making that determination. *See* 20 C.F.R. § 416.945(a)(3), 416.946(c). Plaintiff bears the burden of presenting evidence that shows her functional limitations prevent her from working. 42 U.S.C. § 423(d)(5)(A); *Bowen v. Yuckert*, 482 U.S. 137, at 146 n.5 (1987) ("It is not unreasonable to require the claimant, who is in a better position to provide information about [her] medical condition, to do so."). Therefore, Plaintiff must prove that her RFC was more restrictive than the ALJ found, while the Commissioner must show that substantial evidence supported the ALJ's decision. *See* 42 U.S.C. § 423(d)(5)(A).

In support of remand, Plaintiff argues that the ALJ erred by failing to accommodate her migraines and associated symptoms in the RFC. [Filing No. 10, at ECF p. 30.] Specifically, Plaintiff argues that although the RFC considered her headaches by restricting her to environments with occasional exposure to blinking/flashing lights and very loud noise, the RFC provided no accommodation for preventing headaches or the time off task or potential absence caused by her daily headaches. [Filing No. 10, at ECF p. 31.] However, the question for review

7

is whether the evidence supports the ALJ's decision—not Plaintiff's view. *See Dennerline v. Berryhill*, No. 1:17-CV-02596-JMS-MJD, 2018 WL 2440185, at *1 (S.D. Ind. May 31, 2018) ("[T]his Court's role is limited to ensuring that the ALJ applied the correct legal standards and that the substantial evidence exists to support the ALJ's decision."). The ALJ credited Plaintiff's headache complaints in limiting her tolerance for loud noise and blinking or flashing lights, but reasonably found that her normal examination findings, normal head scans, and improvement with medication did not fully support her complaints of disabling headaches. [Filing No. 7-2, at ECF p. 22-25.] Additionally, the ALJ considered only opinions of record to address Plaintiff's physical complaints—those from the state agency physicians—which suggested that she could perform at least light-to-sedentary work. [Filing No. 7-2, at ECF p. 25-26.] Contrary to Plaintiff's argument, there is substantial evidence to support the ALJ's RFC limitations that account for her headaches.

Plaintiff also argues that outside of her obstructive sleep apnea diagnosis, the ALJ never acknowledged her difficulties with fatigue. [Filing No. 10, at ECF p. 31.] This is not the case. The ALJ specifically acknowledged Plaintiff's difficulties with fatigue in several instances. [Filing No. 7-2, at ECF p. 22, 25.] Furthermore, Plaintiff never identified what restrictions her sleep apnea may have required, which is fatal to her claim. *See* [Filing No. 10, at ECF p. 31.]; *Cervantes v. Kijakazi*, No. 20-3334, 2021 WL 6101361, at *3 (7th Cir. Dec. 21, 2021) ("Cervantes fails not only to explain how she is more limited than the ALJ found, but also to identify what specific additional restrictions the evidence establishes. This shortcoming proves fatal to her challenge on appeal."). Finally, Plaintiff points to no medical opinion or objective findings to support her disabling sleep apnea limitation, and offers little more than her subjective complaints in support of her disability claims. [Filing No. 10, at ECF p. 31-32.] Subjective

statements are not enough to support her claim of disabling limitation from sleep apnea. *See Mathes v. Astrue*, No. 1:07-CV-1004-LJM-TAB, 2008 WL 2184894, at *6 (S.D. Ind. May 21, 2008) ("[A] claimant's subjective complaints alone are not sufficient to carry a disability claim.").

Finally, Plaintiff also claims that the ALJ never addressed her serious fatigue and tiredness in his hypothetical questions to the vocational expert. [Filing No. 10, at ECF p. 32.] However, the ALJ relied on the vocational expert's testimony at step five, and the limitations included in the relevant hypothetical question mirror those in the RFC. The RFC as addressed by the ALJ adequately captured Plaintiff's functional limitations. [Filing No. 7-2, at ECF p. 19-22.]; *Dennerline*, No. 1:17-cv-02596-MJS-MJD, 2018 WL 2440185, at *4 ("When the ALJ's hypothetical question adequately reflects the claimant's work-related limitations, the [vocational expert's] response to the hypothetical question constitutes substantial evidence regarding the claimant's ability to work."). A fair assessment of Plaintiff's arguments reveals that the ALJ provided substantial support for Plaintiff's RFC. Remand is not warranted.

## IV. Conclusion

As set forth above, the ALJ's findings are supported by substantial evidence, and Plaintiff's request for remand should be denied. Any objection to the magistrate judge's report and recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within 14 days shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 11/14/2022

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email