UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELA J. B.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-02801-SEB-TAB |
| | ) |
| KILOLO KIJAKAZI Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO
THE MAGISTRATE JUDGE'S REPORT AND RECCOMENDATION**

Plaintiff Angela J. B. petitioned the court for judicial review of the Commissioner of Social Security Administration's final decision finding her not disabled based on the information set forth in her application filed on April 9, 2019. The case was referred to Magistrate Judge Baker for his consideration. On November 14, 2022, Magistrate Judge Baker issued a Report and Recommendation that the Commissioner's decision be upheld because it was supported by substantial evidence and was otherwise in accord with the law. Angela filed a timely objection to the Magistrate Judge's Report and Recommendation, which we now address.

---

[1] To protect the privacy interests of claimants for Social Security benefits, the Southern District of Indiana has chosen to use only the first name and last initial of non-governmental parties in its Social Security review opinions. The Plaintiff will therefore be referred to by her first name.

1

I. **STANDARDS OF REVIEW**

In reviewing the decision of the Administrative Law Judge ("ALJ"), the district court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute our own judgment for that of the Commissioner." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Under this deferential standard of review, we must affirm if no error of law occurred and the ALJ's factual findings are supported by substantial evidence. "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). The standard demands more than a scintilla of evidentiary support, but it does not demand a preponderance of the evidence. *Wood v. Thompson*, 246 F.3d 1026, 1029 (7th Cir. 2001). In addition, the district court will "determine whether [the ALJ's decision] reflects an adequate logical bridge from the evidence to the conclusions." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021). We confine the scope of our review to the rationale offered by the ALJ. *Tumminaro v. Astrue,* 671 F.3d 629, 632 (7th Cir. 2011).

When considering a party's specific objections to a Magistrate Judge's Report and Recommendation, the district court reviews those elements *de novo*, determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). *De novo* review requires a re-examination of the case with a fresh set of eyes and "an independent judgment of the issues." *Moody v. Amoco Oil Co.*, 734 F.2d

2

1200, 1210 (7th Cir. 1984). After review, the court is empowered to adopt, reject, or modify the recommendations of the Magistrate Judge. Fed. R. Civ. P. 72(b).

## II.     DISCUSSION AND DECISION[2]

Plaintiff Angela filed an application for supplemental security income on April 9, 2019, alleging that she had been disabled since November 15, 2018. When she filed her application, she was forty-six years of age, had at least a high school education, and had previous work experience as a receiving clerk/checker, warehouse worker, and stocker. After being denied disability benefits at the initial and reconsideration levels, she requested a hearing before an Administrative Law Judge ("ALJ"). Based on that hearing, the ALJ denied Angela disability benefits, concluding that she was still capable of performing compensable work in the economy.

In reaching this conclusion, the ALJ followed the five-step process for determining whether a plaintiff was disabled. 20 C.F.R. § 404.1520. At step one, the ALJ found that Angela had not engaged in substantial gainful activity since the application date. At step two, the ALJ determined that she suffered from the following impairments: degenerative disk disease of the lumbar spine, degenerative disk disease of the cervical spine, osteoarthritis of the knees, asthma, obesity, pseudo tumor cerebi (syncopal spells), headaches, mild papilledema, eyes with episodic right eye pain/pressure, generalized anxiety disorder (GAD), major depressive disorder, obstructive sleep apnea, and non-

---

[2] The relevant evidence of record is amply set forth in the parties' briefs as well as the ALJ's decision and need not be repeated here. Specific facts relevant to the Court's disposition of this case are discussed below.

insulin diabetes mellitus. At step three, the ALJ found that Angela did not have an impairment that meets the severity of the impairments in the Social Security Administration's Listings. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ then determined Angela's residual functional capacity ("RFC") and found that she is capable of sedentary work with some restrictions, such as positions with limited exposure to noise.[3] None of Angela's past relevant work was consistent with these restrictions; all of it required physical capabilities in excess of the limited capabilities of sedentary work. Thus, the ALJ concluded at step four that Angela could not perform any past relevant work. However, based on the testimony of a vocational expert, the ALJ determined that the following jobs consistent with Angela's RFC and vocational factors are available in sufficient numbers in the national economy: Nut Sorter (200,000 jobs), Final Assembler (100,000 jobs), or Trimmer (200,000 jobs). Thus, the ALJ concluded that Angela was not disabled in a way or degree entitling her to benefits at any time between alleged onset and the date of the ALJ's decision.

In this appeal, Angela argues that the ALJ's decision denying her benefits should be reversed because of two errors occurring at step three of his analysis: (1) the ALJ provided erroneous reasoning when discussing Angela's subjective symptoms under SSR

---

[3] Specifically, the ALJ decided that Angela "requires an entry level job involving simple routine tasks that can be learned on the job within 30 days or less that is non-fast-rate production … [with] no more than occasional exposure to very loud noises (SCO Code 5 level noise that is on par with a jack hammer or rock concert)." Docket No. 7-2, at 21.

4

16-3p, and (2) the ALJ failed to accommodate her daily headaches or acknowledge her persistent daytime sleepiness in her RFC. Docket No. 10, at 4.

### A. SUBJECTIVE SYMPTOM ANALYSIS

In Magistrate Judge Baker's Report and Recommendation, he rejected Angela's argument that the ALJ provided erroneous reasoning at step three in the discussion of her subjective symptoms under SSR 16-3p. The ALJ utilized a two-step process when evaluating plaintiff's subjective symptoms under SSR 16-3p: (1) the ALJ must consider "whether [the claimant's] medically determinable impairment(s) could reasonably be expected to produce [the claimant's] alleged symptoms," with a medically determinable impairment being assessed using objective medical evidence such as laboratory findings or clinical diagnostic techniques, and (2) the ALJ must evaluate the "intensity and persistence of [the claimant's] symptoms, such as pain, and determin[e] the extent to which [the claimant's] symptoms limit [the claimant's] capacity for work." 20 C.F.R. § 416.929(b)-(c). To determine the limiting effects of an individual's symptoms, the ALJ considers factors such as "daily activities," the "location, duration, frequency, and intensity of [the claimant's] pain or other symptoms," "treatment, other than medication, [a claimant] receive[s] or ha[s] received for relief of [the claimant's] pain or other symptoms," and other factors. 20 C.F.R. § 404.1529(c)(3). The ALJ's determinations are afforded significant deference and are overturned only if "patently wrong." *Curvin v. Colvin*, 778 F.3d 645, 651 (7th Cir. 2015).

Magistrate Judge Baker rejected Angela's contention that the ALJ had inappropriately rejected her subjective complaints based solely on her daily activities. In response to this conclusion by the Magistrate Judge, Angela argues that, although the ALJ could consider Angela's daily activities when evaluating her subjective symptoms, he assessed them improperly. Angela thus cites the rule that ALJs cannot place "undue weight" on daily activities when assessing a claimant's subjective symptoms. *Moss v. Astrue*, 555 F.3d 556, 562 (7th Cir. 2009). Here, the ALJ considered Angela's reported activities, such as driving her children to activities and completing household chores. However, the ALJ also considered Angela's limitations while completing those tasks, such as taking breaks and relying on her daughter to complete most household chores. The ALJ took these limitations into consideration when he concluded that Angela's daily activities are consistent with sedentary work. In contrast, the ALJ in *Moss* disregarded the claimant's limitations while performing household tasks when assessing her ability to work. 555 F.3d at 562. Furthermore, the ALJ here did not limit his consideration solely to Angela's daily activities in making his assessment. In fact, he discussed at length how Angela's subjective complaints seemed inconsistent with her clinical examinations and her improvement with treatment. Thus, Magistrate Judge Baker concluded that the ALJ had not placed "undue weight" on Angela's daily activities when assessing her subjective symptoms.

Magistrate Judge Baker noted that "a claimant's subjective complaints alone are not sufficient to carry a disability claim." Docket No. 15, at 6-7 (quoting *Mathes v. Astrue,* No. 1:07-cv-1004-LJM-TAB, 2008 WL 2184894, at *6 (S.D. Ind. May 21, 2008)). In

6

response, Angela stresses that headaches and fatigue are both subjectively assessed impairments in the medical field, relying on *Wiltz v. Barnhart*'s holding that "insistence upon objective medical evidence of [the claimant's] migraine headaches was [an] error. Migraine headaches are particularly unsusceptible to diagnostic testing." 484 F. Supp. 2d 524, 532 (W.D. La. 2006). However, that case also directs that "in cases involving complaints of disabling pain due to migraine headaches, courts look to other objective medical signs to determine whether the claimant's complaints are consistent with the existence of disabling migraine pain[.]" *Id.* at 533. Therefore, the ALJ is permitted to consider aggressive treatment like surgery or emergency care as well as other treatments an individual has received for relief of pain and other symptoms. *Connour v. Barnhart*, 42 F. App'x 823, 830 (7th Cir. 2002); 20 C.F.R. § 404.1529(c)(3). Here, the ALJ appropriately took into consideration Angela's lack of aggressive treatment when evaluating her subjective symptoms. Furthermore, the ALJ reasonably concluded that Angela's normal examination findings, normal head scans, and improvement with medication did not support her subjective complaints of disabling headaches.

    The Magistrate Judge also rejected Angela's argument that the ALJ failed to consider circumstantial or highly pertinent evidence in evaluating her subjective complaints. Angela submitted several qualifying statements regarding her ability to complete daily tasks, such as those requiring her daughter's help involving household chores. However, the ALJ adequately considered those limitations when assessing Angela's subjective symptoms, and Angela points to no additional evidence to support her subjective complaints. We thus fully concur in Magistrate Judge Baker's conclusion that substantial

evidence supported the ALJ's analysis of Angela's subjective symptoms and adopt his findings and recommendations as to this issue in their entirety.

### B. RESIDUAL FUNCTIONAL CAPACITY

As for Angela's second argument on appeal, Magistrate Judge Baker rejected her contention that the ALJ failed to accommodate her daily headaches or acknowledge her persistent daytime sleepiness within her RFC. Despite Angela's subjective complaints about her headaches, the ALJ reasonably concluded that Angela's headaches were not disabling based on her daily activities, normal examination findings, normal head scans, and degree of improvement with medication. Nevertheless, the ALJ credited Angela's headache complaints by limiting her exposure to loud noise and blinking or flashing lights in her RFC. Despite these accommodations, Angela maintains that the RFC provided no accommodation for preventing headaches or the time off-task caused by her daily headaches. However, the question for review before the Court is whether the evidence supports the ALJ's decision—not the Plaintiff's take on the evidence. *See Dennerline v. Berryhill*, No. 1:17-cv-02596-JMS-MJD, 2018 WL 2440185 (S.D. Ind. May 31, 2018). Magistrate Judge Baker determined that sufficient evidence supported the ALJ's decision with regard to accommodations for Angela's headaches, despite Angela's disagreement with that conclusion.

Magistrate Judge Baker also declined to credit Angela's claim that with the exception of her obstructive sleep apnea diagnosis, the ALJ failed to acknowledge her fatigue and the difficulties it imposed on her lifestyle. The ALJ, however, did specifically

acknowledge Angela's difficulties with fatigue, taking them into account by limiting her to sedentary work. Angela has not identified how her sleep apnea requires further restrictions than those found by the ALJ, which omission is fatal to her claim advanced here on appeal. *See Cervantes v. Kijakazi*, No. 20-3334, 2021 WL 6101361, at *3 (7th Cir. Dec. 21, 2021) ("[Claimant] fails not only to explain how she is more limited than the ALJ found, but also to identify what specific additional restrictions the evidence establishes. This shortcoming proves fatal to her challenge on appeal."). Furthermore, aside from certain subjective complaints, Angela provides no medical opinions or objective evidence to show that her fatigue and sleep apnea are disabling. Therefore, substantial evidence supports the ALJ's findings concerning her fatigue and sleep apnea.

The Magistrate Judge also rejected Angela's claim that the ALJ failed to address her serious fatigue and tiredness in the context of the hypothetical questions put to the vocational expert. ALJs are not obligated to ask hypothetical questions that do not match the ultimate RFC assessment. *See Megan E. v. Saul*, No. 1:19-cv-03230-TWP-DLP, 2020 WL 5204088, at *4 (S.D. Ind. Sept. 1, 2020); *Dennerline*, No. 1:17-cv-02596-JMS-MJD, 2018 WL 2440185, at *4 ("When the ALJ's hypothetical question adequately reflects the claimant's work-related limitations, the [vocational expert's] response to the hypothetical question constitutes substantial evidence regarding the claimant's ability to work."). Here, the RFC adequately captured Angela's functional limitations, and the limitations incorporated in the ALJ's hypothetical questions to the vocational expert mirrored the limitations in the RFC.

Finally, Angela suggests that the ALJ erred when he did not incorporate off-task time and absenteeism in Angela's RFC, after asking the vocational expert about employer tolerance of off-task behavior. This argument, however, was never raised in her opening brief on appeal. We thus will not consider any such belated arguments in an objection to a magistrate judge's report and recommendation that could have been raised previously. *ContraVest Inc. v. Mt. Hawley Ins. Co.*, 273 F. Supp. 3d 607, 620 (D.S.C. 2017) ("[T]he [c]ourt is not obligated to consider new arguments raised by a party for the first time in objections to the [m]agistrate's [r]eport."); *Parks v. Persels & Assocs., LLC*, 509 B.R. 345, 357 (D. Kan. 2014) ("Generally, courts do not consider new arguments and new evidence raised in objections to a magistrate judge's report and recommendation that were not raised, and thus were not considered, by the magistrate judge."); *Sciacca v. Fed. Bureau of Investigation*, 23 F. Supp. 3d 17, 27 (D.D.C. 2014) ("[T]he parties may not present new issues or arguments to the district judge[.]"). We again concur in full with Magistrate Judge Baker's conclusion that there is substantial evidence to establish that Angela's RFC adequately accommodated her functional limitations, and adopt his findings and recommendations as to this issue as well.

### III. CONCLUSION

Having reviewed *de novo* Magistrate Judge Baker's analysis and conclusions as reflected in his Report and Recommendation, we hold, for the same reasons set forth in his report, with which we entirely concur and fully adopt, both as to the cited authorities and related analysis, that none of the assignments of error raised by Angela meets the

standard required to justify remand. Accordingly, Angela's objections to the Report and Recommendation of Magistrate Judge Baker are **OVERRULED**, and the recommendations set forth in Magistrate Judge Baker's Report and Recommendation [Docket No. 15] are hereby **ADOPTED** in their entirety. Final judgment shall enter in favor of Defendant and against Plaintiff.

Date:     3/9/2023

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jane Kuczek
Social Security Administration
jane.kuczek@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov

Kirsten Elaine Wold
Hankey Law Office
kwold@hankeylaw.com